ELIZABETH PEMBERTON ET AL., APPELLEES, v. WIL-
LIAM Z. POLLARD, APPELLANT.

1. **Husband and Wife:** DEED TO TRUSTEES FOR WIFE. Where
land was conveyed by husband and wife by warranty deed to
trustees appointed by the will of her father, for the "sole and
separate use and benefit" of the wife, etc., the consideration
being derived from the father's estate a provision in the deed
that the husband "shall have the right to occupy, farm, and
control said lands for *her* (the wife)" does not create any estate
in him, where there is no fraud.

2. **Judgment of Justice:** HOW MADE LIEN ON REAL ESTATE.
The transcript of a judgment of a justice of the peace, to be-
come a lien upon real estate, must be filed in the district court
of the county where the judgment was recovered, and cannot in
the first instance be filed in the district court of another county.

APPEAL from Hamilton county. Tried below before
NORVAL, J.

*Lamb, Ricketts & Wilson* and *R. A. Batty,* for appellant,
cited: *Follett v. Tyrer,* 14 Simons, 125. 3 Wash. Real
Prop., 375–378. *Hall v. Ionia,* 38 Mich., 493. *French
v. Carhart,* 1 N. Y., 96. *Richardson v. York,* 14 Me.,
216. Tyler on Infancy and Coverture, § 288. *Canby v.
Porter,* 12 Ohio, 79. *Cushing v. Blake,* 30 N. J. Eq.,
689. *Rosenfield v. Chada,* 12 Neb., 25.

*J. H. Smith,* for appellees, cited: *Jackson v. Ireland,* 3
Wend., 99. *Tarter v. Hall,* 3 Cal., 263. *Parker v. Mc-
Millan,* 21 N. W. R., 305. *Nichols v. Eaton,* 91 U. S.,
716.

MAXWELL, J.

This is an action for an injunction to restrain the sale of
certain real estate upon execution, and to quiet the title in
the plaintiffs. The defendant demurred to the petition,

and the demurrer being overruled a decree was rendered in favor of the plaintiffs. The defendant appeals. The principal portion of the petition is as follows :

"The plaintiff complains of the defendants, for that on the 23d day of December, A.D. 1876, the plaintiffs were and from thence hitherto and still are the owners and in possession of the following described premises, to-wit:

" The north-west quarter of section number four, in township number nine north, of range number seven west.

" That the plaintiffs became the owners of said premises by virtue of a certain conveyance or deed in the following words and figures, to-wit:

" This deed made this 22d day of December, A.D. 1876, between William D. Pemberton and Elizabeth Pemberton, his wife, of Hamilton county, Nebraska, of the first part, and Ebenezer Z. McColloch and George C. McColloch, trustees, of Ohio county, West Virginia, of the second part, witnesseth : That said parties of the first part in consideration of the sum of twelve hundred dollars in hand paid, the receipt of which is hereby acknowledged, do grant, sell, and convey unto the said parties of the second part, with covenants of general warranty, the following described real estate with all and singular the tenements, appurtenances, and hereditaments thereto belonging. That is to say, the north-west quarter of section four (4), in township nine (9) n., of range seven (7) west, containing one hundred and sixty and $\frac{37}{100}$ acres ($160\frac{37}{100}$), said land lying and being situated in Hamilton county, Nebraska. To have and to hold the said real estate with its appurtenances to the said second parties as trustees of said Elizabeth Pemberton, they being appointed such trustees by the will of their father, Ebenezer McColloch, late of Ohio county, West Virginia, for her sole and separate use and benefit so long as she may live, and after her death for the use and benefit of her children. The said trustees having the power to sell and convey said land, or any part thereof,

on the written request of said Elizabeth Pemberton, and her joining with them in any such conveyances. It is further expressly understood and agreed by and between the parties of this deed, that said William D. Pemberton shall have the right to occupy, farm, and control said land for her so long as he may live (and) the legal title thereto remains in said trustees.

"In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year above written.

"WILLIAM D. PEMBERTON,

"Witness, "ELIZABETH PEMBERTON.

"S. B. McCOLLOCH.

"That said deed was duly and legally acknowledged as the law requires, and on the 4th day of January, A.D. 1877, was duly filed for record in the county clerk's office in and for Hamilton county, Nebraska, and recorded in book 'B' of deed record of said county, on page 1379. That on or about the 7th day of September, 1870, Ebenezer McColloch, deceased, and who was the father of the plaintiffs, made his will," etc., a copy of which is set out in the petition, from which will it appears that the testator devised to Elizabeth Pemberton certain real and personal estate, the proceeds of which were to be retained in the hands of the plaintiffs as trustees for said Mrs. Pemberton and her children, "her husband to have no control over the same whatever, but the said trustees may, with the consent of said Elizabeth Pemberton, invest the same as they may deem best, so that my daughter and her children shall have the benefit of the same without control from her husband." It is also alleged that in pursuance of the terms of the will the property devised to Elizabeth Pemberton was sold and the proceeds invested in the land in question; that on the 14th day of June, 1883, C. N. Paine & Co. recovered a judgment against William D. Pemberton, the husband of Elizabeth, before a justice of the peace of Hall county, for

the sum of $148.32; that on the 5th day of October, 1883, said Paine & Co. caused a transcript of said judgment to be filed in the district court of Hamilton county, and caused an execution to be issued thereon and levied upon the real estate in question, as the property of William D. Pemberton. It is also alleged that said judgment is not a lien on said real estate, and that said William D. Pemberton has no interest in said real estate, and that a sale upon execution would cast a cloud upon the plaintiffs' title, etc. It is not alleged, nor does it appear from the petition, that Elizabeth Pemberton is dead. The question, therefore, for determination is, does the reservation in the deed of William D. Pemberton to the plaintiffs constitute such an interest in the land as is liable for his debts? It will be observed from an examination of the deed that the conveyance is made " for her (Elizabeth Pemberton's) sole and separate use and benefit so long as she may live, and after her death for the use and benefit of her children, the said trustees having the power to sell and convey said land or any part thereof on the written request of said Elizabeth Pemberton," etc. The reservation is, that " William D. Pemberton shall have the right to occupy, farm, and control said land for her," etc. These words do not create a life estate. At the most they create him a trustee for her in the management of the land. He is not entitled to appropriate the products of the soil or any part thereof to his own use, but the service is to be rendered for his wife. This does not create a life estate.

In *Richardson v. York*, 14 Me., 216, cited by the appellant, the reservation was of the *use* and control of the lands by the grantor during his natural life. Such language undoubtedly created a life estate, but no such intention is apparent in this case. In the case under consideration the object of the testator in placing the amount devised to Elizabeth Pemberton in the hands of trustees, the object of the trustees in purchasing the land in question, and of William D. Pemberton in making the deed to said

trustees, evidently was to exclude him from all estate or interest in the land. There is no charge of fraud, nor any claim that this entire transaction is not *bona fide*. We therefore must treat it as such. Being a *bona fide* transaction, the entire estate passed by the deed of conveyance to the plaintiffs as trustees, and William D. Pemberton has no estate therein.

2. The judgment before the justice of the peace was recovered in Hall county, and a transcript thereof filed in Hamilton county without having been filed in the district court of Hall county. This the code does not authorize. The authority to file a transcript of a judgment recovered before a justice of the peace, in the district court of the county where the judgment was rendered, is derived alone from the statute, and its provisions must be substantially complied with. Upon the transcript being filed the clerk is required to " enter the same on the execution docket, together with the amount of the judgment and the time of filing the transcript. Code, § 561. The next section provides that the judgment shall be a lien upon the real estate of the debtor, etc.,    *   *   *.   " to the same extent as if the judgment had been rendered in the district court."

Sec. 563 provides that execution may be issued on the judgment in the same manner as if the judgment had been taken in that court. Sec. 429 provides that the transcript of a judgment of any district court of this state may be filed in the office of the clerk of the district court in any county, and such transcript shall be a lien on the property of the debtor in any county in which such transcript is filed in like manner as in the county where such judgment was rendered, and execution may be issued on judgment obtained by such transcript, as on the original judgment; *Provided*, Such transcript shall at all times be affected and be in the same plight as the original judgment.

It is but reasonable to require a transcript of a judg-

ment rendered by a justice of the peace to be filed in the county where the judgment was recovered, where it is to be presumed the parties, or some of them at least, as well as the justice, are known, and where creditors may be enabled by an examination of the docket to determine what judgments exist against the debtor. There was no authority, therefore, to file the transcript of the justice of the peace in Hamilton county, the proper mode being to file a transcript from the district court of Hall county. The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.